# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No:

THE PHOENIX INSURANCE COMPANY, a Connecticut corporation,

Plaintiff,

v.

FELSBURG, HOLT & ULLEVIG, INC. a Colorado corporation,

Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

Plaintiff, The Phoenix Insurance Company, by and through its attorneys, Kevin F. Amatuzio and Sean P. O'Connor of Montgomery Amatuzio Dusbabek Chase, L.L.P., for its Complaint against the Defendant named above, states as follows:

### INTRODUCTION

1. Plaintiff The Phoenix Insurance Company ("Phoenix") is a liability insurer. This action concerns related lawsuits filed against, *inter alia*, Phoenix's insured, Felsburg, Holt & Ullevig, Inc. ("FHU"). The lawsuits were personal injury claims and wrongful death claims arising from separate auto accidents that occurred at the same intersection located in Aurora, Colorado, at or near the interchange of Interstate Highway 225 and 17th Place (the "Intersection"). FHU was allegedly involved in the design and construction of the Intersection, and was sued for allegedly creating a dangerous condition and thus committing professional

negligence in the design, development and construction of the intersection. Phoenix defended FHU in these now-settled actions under reservations of rights, and seeks a declaratory judgment that its policies issued to FHU do not afford coverage for the claims against FHU in the lawsuits, and thus Phoenix therefore had no duties to defend or indemnify FHU in regard thereto. Because there is no coverage, Phoenix also seeks reimbursement from FHU of the defense costs incurred by Phoenix in defending FHU pursuant to its reservations of rights and applicable Colorado law.

**PRELIMINARY ALLEGATIONS, PARTIES, JURISDICTION AND VENUE**

2. FHU is a Colorado corporation with its principal place of business at 6300 S. Syracuse Way, Suite 600, Centennial, Colorado 80111.

3. FHU is an engineering firm employing licensed professional engineers specializing in transportation planning including road and highway design, among other specialties.

4. Phoenix is a Connecticut corporation engaged in the business of insurance, with its principal place of business in Hartford, Connecticut.

5. Phoenix is, and was at all material times to this action, duly authorized to transact the business of insurance in the State of Colorado.

6. This Court has jurisdiction over this Complaint under 28 U.S.C. §1332(a)(1) and (c)(1). Plaintiff and Defendant are citizens and residents of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs of suit.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because the insurance contracts subject of this action were issued in Colorado to a Colorado insured, and the

performance claimed to be due or owed to FHU by Phoenix occurred or would occur in Colorado. The liability lawsuit against FHU was filed and resolved in Colorado, and Phoenix defended FHU therein under reservation of rights.

## STATEMENT OF FACTS REGARDING POLICIES AND CLAIMS

8. Sandy Mena ("Mena") sued FHU and others in Case No. 2015 CV 31874, District Court, City and County of Denver. A copy of the Mena Complaint is attached hereto as Exhibit A.

9. Silvia Reyna De Luna, Arnold Ramirez and Jennifer Herrera Cespedes are alleged heirs and family of Jamie Ramirez, Deceased (collectively "De Luna") herein. De Luna sued FHU and others in Case No. 2015 CV 31490, District Court, City and County of Denver, Colorado. A copy of the De Luna Complaint is attached hereto as Exhibit B.

10. By Court order entered September 8, 2015, the Mena and De Luna lawsuits were consolidated into Case No. 2015 CV 31490. The consolidated action will hereinafter be referred to as the "Liability Case."

11. Phoenix issued a property and casualty policy, no. 680-2278L711-PHX-12, to FHU with a policy period of June 21, 2012 to June 21, 2013, which included commercial general liability coverage (the "2012 Policy"). Relevant excerpts of the 2012 Policy are attached hereto as Exhibit C.

12. Phoenix issued a property and casualty policy, no. 680-2278L711-PHX-13, to FHU with a policy period of June 21, 2013 to June 21, 2014, which included commercial general liability coverage (the "2013 Policy") (the 2012 Policy and 2013 Policy collectively referred to

as the "Phoenix Policies").  Relevant excerpts of the 2013 Policy are attached hereto as Exhibit D.

13. The Insuring Agreement in the Commercial General Liability Coverage Form for "bodily injury' and "property damage" coverage is the same in both the 2012 Policy and the 2013 Policy.  It provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury: or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .
>
> \* \* \*

14. Both the 2012 Policy and the 2013 Policy contain an amendatory endorsement to the "bodily injury" and "property damage" insurance afforded under the commercial general liability insurance coverage therein, no. CG  D3  80  10  11, entitled "EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY" (the "Professional Liability Exclusion").

15. The Professional Liability Exclusion provides, in relevant part, as follows:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART

4

    1.    The following exclusion is added to Paragraph 2. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY in COVERAGES (Section I);

Professional Services
[this insurance does not apply to:]

"Bodily injury" or "property damage" arising out of the rendering or failure to render any "Professional services".

…

    3.    The following is added to DEFINITIONS Section:
"Professional services" means any service requiring specialized skill or training including the following:
    a.    Preparation, approval, provision of or failure to prepare, approve, or provide any map, shop drawing, opinion, report, survey, field order, change order, design, drawing, specification, recommendations, warning, permit application, payment request, manual or instruction;
    b.    Supervision, inspection, quality control, architectural, engineering or surveying activity of service, job site safety, construction contracting, construction administration, construction management, computer consulting or design, software development or programming service, or selection of a contractor or subcontractor; or;
    c.    Monitoring, testing, or sampling service necessary to perform any of the services included in a. or b. above.

    \*                   \*                  \*

16. The Mena Complaint and the De Luna Complaint each alleged, *inter alia*, that FHU "participated in the design and development of the subject intersection."

17. FHU provided to Phoenix a copy of the Agreement for Professional Design Services entered into between FHU and the City of Aurora, Colorado, dated January 16, 2009 (the "FHU Agreement"), a copy of which is appended hereto as Exhibit E.

18. FHU also provided to Phoenix a copy of Attachment 1 to the FHU Agreement, entitled "I-225/Colfax Interchange City of Aurora Scope of Work" dated January 8, 2009 (the

5

"Attachment 1"), a copy of which is appended hereto as Exhibit F.

19.  The FHU Agreement states that FHU's "professional design services shall consist of design work for the Project as specified in Attachment 1."

20.  The Attachment 1 describes FHU's scope of work as relating only to design of the Intersection.

21.  Phoenix issued a Reservation of Rights letter to FHU dated November 18, 2015, a copy of which is appended hereto as Exhibit G.

22.  Phoenix's Reservation of Rights letter, Exhibit G, advised FHU that the Professional Services Exclusion was dispositive of any claim for coverage, and reserved the right to seek reimbursement from FHU of the defense costs incurred by Phoenix in defending FHU in the Liability Case if it is ultimately determined that the Phoenix Policies do not afford coverage.

23.  Phoenix issued a Supplemental Reservation of Rights letter to FHU dated June 30, 2016, a copy of which is appended hereto as Exhibit H.

24.  In addition to the Phoenix Policies, FHU is insured with regard to the allegations against it in the Liability Case under a policy of professional liability insurance providing Errors and Omissions coverage in accordance with its terms and issued by XL Specialty Insurance Company ("XL").

25.  XL shared the cost of FHU's defense in the Liability Case with Phoenix.

26.  On or about September 15, 2016, a settlement was reached in the Liability Case.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

27.  Phoenix realleges and reasserts the allegations contained in paragraphs 1 through

26 hereinabove by reference herein as if set forth in full.

28. A dispute exists between Phoenix and FHU as to the existence, nature and extent of Phoenix's obligations to defend and indemnify FHU in regard to the claims and damages asserted against FHU in the Liability Case, which dispute is ripe for judicial determination.

29. Under the terms of the Phoenix Policies, and the Professional Liability Exclusion therein, and applying applicable rules of law governing the duty to defend, Phoenix has no potential coverage available to FHU for the claims and damages asserted against FHU in the Liability Case, and thus Phoenix has no duty to defend FHU therein.

30. Having no duty to defend, Phoenix has no duty to indemnify FHU, the duty to defend being the broader of the two.

31. This Court is asked to, and should, exercise its discretion to determine the rights and obligations of the parties under the policies, and to grant ancillary relief and award damages to Phoenix as equity, law and justice may require. Any preconditions to the assertion of this action by Phoenix have been met.

32. Declaratory relief and ancillary relief are appropriate and proper under 28 U.S.C. §§ 2201-2202 and Rule 57, Federal Rules of Civil Procedure. Pursuant to Rule 57, Phoenix prays that the Court grant a speedy hearing of this action and accelerate the case on the Court's calendar.

## SECOND CLAIM FOR RELIEF
## (REIMBURSEMENT OF DEFENSE COSTS)

33. Phoenix realleges and reasserts the allegations contained in paragraphs 1 through 32 hereinabove by reference herein as if set forth in full.

34. Pursuant to its Reservations of Rights and Colorado law, Phoenix, having no duty

to defend, is entitled to reimbursement from FHU of the defense costs incurred by Phoenix in defending FHU in the Liability Case.

35. FHU has reaped an underserved windfall in excess of its contractual rights by demanding and receiving a defense from Phoenix, equitably entitling Phoenix to reimbursement of the money spent defending FHU under reservation of rights.

Wherefore, Phoenix prays this Honorable Court grant declaratory relief to Phoenix, adjudging and determining that Phoenix has no duties to defend or to indemnify FHU for the claims and damages asserted against FHU in the Liability Case, for an award of damages in favor of Phoenix and against FHU reimbursing the defense expenses incurred by Phoenix in defending FHU, for prejudgment interest and costs of suit, and for such other and further relief as the Court may deem just and proper.

Dated this 9th day of February, 2017

Respectfully submitted,

MONTGOMERY AMATUZIO
DUSBABEK CHASE, LLP

By: */s/ Kevin F. Amatuzio*
Kevin F. Amatuzio
Sean P. O'Connor
4100 E. Mississippi Ave, 16th Floor
Denver, Colorado 80246
Telephone: (303) 592-6600
Fax: (303) 592-6666
Email: kamatuzio@madc-law.com
Email: soconnor@madc-law.com
ATTORNEYS FOR THE PLAINTIFF

Plaintiff's Address:
One Tower Square, Hartford, CT 06183

8